# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-104 |
| vs. | : | Judge Timothy S. Black |
| KENO PHILLIPS, | : | |
| Defendant. | : | |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This criminal case is before the Court on Defendant's motion to dismiss under the Speedy Trial Act, pursuant to 18 U.S.C. § 3162. (Doc. 24).

## I. BACKGROUND

On October 7, 2015, Defendant Keno Phillips was charged by way of a three-count indictment with: possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 1); possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3). (Doc. 1). On October 12, 2016, Defendant appeared before the Court and pled guilty to Count 1 of the Indictment, pursuant to a Rule 11(c)(1)(C) plea agreement. (Docs. 12, 13, 14).

Specifically, under the terms of the plea agreement, the parties proposed a binding sentence of ninety-five months imprisonment, to be run concurrent with Defendant's sentence imposed in the Hamilton County Court of Common Pleas. (Doc. 12 at ¶ 5). Moreover, the plea agreement expressly stated that Defendant understood the Court may

accept the agreement, reject it, or defer a decision until the Court has reviewed the pre-sentence investigation report ("PSR"). (*Id.* at ¶ 6). Additionally, the plea agreement outlined the potential outcomes relating to the Court's acceptance or rejection of the plea agreement, pursuant to Fed. R. Crim. P. 11(c)(4) and (5). (*Id.*)

At the time of the plea hearing, Defendant acknowledged and affirmed his understanding of all terms of the plea agreement. (Doc. 14). Further, the Court informed Defendant that the Court would in fact defer acceptance or rejection of the plea agreement, pending review of the PSR.[1] (*Id.*) A sentencing hearing was scheduled for January 25, 2017. (Notice of Hrg., Oct. 21, 2016).

At the January 25, 2017 sentencing hearing, the Court informed the parties that it had received and reviewed the PSR. (Doc. 21 at 4:6-7). The Court stated: "typically I accept proposed binding pleas … This one shocks my conscience." (*Id.* at 24:22-23). After hearing arguments, the Court determined that the parties' Rule 11(c)(1)(C) plea agreement wholly understated the extraordinary danger that Defendant posed to the community. (*Id.* at 16:6-19:21, 29:2-30-21). Accordingly, the Court informed the parties and Defendant that the Court rejected the proposed binding plea agreement. (*Id.* at 30:20-21). Pursuant to Rule 11(c)(5), the Court informed Defendant of his right to withdraw his plea of guilty or to proceed to final disposition at the Court's discretion. (*Id.* at 30:22-31:16). Defendant requested additional time to consider his Rule 11(c)(5)

---

[1] This Court defers acceptance of Rule 11(c)(1)(C) plea agreements in all criminal cases, and in every instance, informs the defendants that the decision to defer is standard practice because the Court does not know "who you [the defendant] are and what presents," until receipt and review of the PSR.

2

options and, accordingly, moved to continue the sentencing hearing in progress for several weeks, which motion the Court granted. (*Id*. at 31:17-22). Further, at defense counsel's specific request, the Court set the case to proceed with a status conference first, before reappearing for the continued sentencing hearing. (*Id*.) Consistent with defense counsel's request, the Court stated:

> We'll set it for status on [February] 10th at 10:30 by phone. You can come over in person if you choose, but we're not going to get to the sentencing, which is now continued in progress, until I've had a chance to talk to you on the 10th and you have had a chance to talk this through with your client.

(*Id*. at 33:7-12).

One week prior to the status conference, Defendant filed a memorandum, clarifying certain issues and asking the Court to accept the Rule 11(c)(1)(C) plea agreement. (Doc. 20). During the February 10 status conference, the Court reaffirmed its rejection of the plea agreement. (Doc. 22 at 5:11-23). Accordingly, defense counsel requested one additional week to meet with his client before informing the Court as to whether Defendant would choose to withdraw his plea. (*Id*. at 6:25-7:5, 8:5-10). The Court granted the one week continuance. (*Id*. at 8:11-12). The Court then inquired as to whether defense counsel would inform the Court by telephone or in writing regarding how Defendant wished to proceed. (*Id*. at 10:12-13). In response, the following exchange took place:

> DEFENSE COUNSEL: If you would be inclined, <u>if the client decides to **move** to withdraw his plea</u> and if it would be acceptable to you to take that orally, I think we could do

3

that—well, probably he [Defendant] should be present, though.
…
It doesn't have to be next week. We could do two weeks. **I don't think we're in a rush**. But I think possibly just setting a hearing with him present, because I'm going to say **if we're going to withdraw the plea, he should likely be present**.

THE COURT: **Oh, absolutely**. Can you wait until February 27th?

DEFENSE COUNSEL: Is that okay with you?

THE GOVERNMENT: That's fine.

THE LAW CLERK: What we could do is maybe set a time for the in-person and block off, say, an hour, hour and a half. And then that way if he just wants to proceed, it could just be the sentencing, and if not –

DEFENSE COUNSEL: Would you rather—and I thought, would you rather hear from us by phone in a week as to what we're going to do and then appear in court and do it, or we could have –

THE COURT: Yeah.

DEFENSE COUNSEL: That might be better.

THE COURT: But I would ask that you confer with my law clerk on the issue and just advise chambers—me, through her—within a week –

DEFENSE COUNSEL: That would be fine.

THE COURT: – where you are.

DEFENSE COUNSEL: That would be fine.

THE COURT: And then she'll schedule an in-person either for withdrawal of plea or for sentencing.

DEFENSE COUNSEL: Sure. That would be fine.

4

> THE COURT: So do you guys want to—how are you going to do this, by e-mail or phone?
>
> THE GOVERNMENT: I think just by e-mail, to advise what we want to do.
>
> THE COURT: Do you want it filed on the record?
>
> THE GOVERNMENT: That's up to you.
>
> DEFENSE COUNSEL: I can.
>
> THE COURT: Yeah, why don't you file something on the record –
>
> DEFENSE COUNSEL: Okay. That would be fine.
>
> THE COURT: – by February 17, which is ten days, I think—I mean a week, and then we will communicate with you to schedule whatever needs to be scheduled.
>
> DEFENSE COUNSEL: That would be fine.

(*Id.* at 10:17-12:13) (emphasis added). In short, as defense counsel repeatedly stated, and as the Court and all parties fully agreed and anticipated, <u>if Defendant decided to withdraw his plea, Defendant would move to do so, and the Court would need to address Defendant personally in open court</u>.

On February 17, 2017, Defendant filed a single document entitled, "Notice of Withdrawal [of] Guilty Plea and Motion for Recusal." (Doc. 23). The Court concluded that it should first address Defendant's simultaneous motion to recuse, as the outcome of that motion would determine which District Judge would need to hold Defendant's plea hearing. On June 2, 2017, before the Court ruled on Defendant's motion to recuse, and

5

before Defendant had appeared before any judge to withdraw his guilty plea, Defendant filed the instant motion to dismiss on speedy trial grounds. (Doc. 24).

## II. STANDARD OF REVIEW

The Speedy Trial Act provides that:

> **In any case in which a plea of not guilty is entered**, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1) (emphasis added).

"Reflecting the concern that a presumptively innocent person should not languish under an unresolved charge, the Speedy Trial Clause guarantees 'the accused' 'the right to a speedy … trial.'" *Betterman v. Montana*, 136 S. Ct. 1609, 1614 (2016) (quoting U.S. Const. amend. VI) (emphasis in original). However, "between conviction and sentencing, the Constitution's presumption-of-innocence-protective speedy trial right is not engaged." *Id*. at 1617; *see also United States v. Sanders*, 452 F.3d 572, 577 (6th Cir. 2006) (re-affirming that delays between conviction and sentencing are assessed using a due process analysis under *Barker v. Wingo*, 407 U.S. 514 (1972)).

In the case of a guilty plea that is withdrawn prior to sentencing, the right to a speedy trial re-engages, as follows:

> If trial did not commence within the time limitation specified in section 3161 because the defendant had entered a plea of guilty or nolo contendere subsequently withdrawn to any or all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein

6

> contained within the meaning of section 3161, **on the day the order permitting withdrawal of the plea becomes final**.

18 U.S.C. § 3161(i) (emphasis added).

Additionally, certain periods of delay are automatically excluded from the speedy trial computation, including, *inter alia*, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). In that regard, the Sixth Circuit "treat[s] a notice of change of plea as a pretrial motion requiring a hearing, [and thus] exclude[s] the time from the filing through the conclusion of the plea hearing." *Coviello v. United States*, 287 F. App'x 503, 508 (6th Cir. 2008).

Also subject to automatic exclusion is a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H) (emphasis added). However, a motion is not "actually under advisement" until after "the court receives all the papers it reasonably expects." *Henderson v. United States*, 476 U.S. 321, 329 (1986). Indeed, even if no hearing is required, "the time after the motion is filed, while the district court may be waiting for additional submissions from the parties, is automatically excluded." *United States v. Mentz*, 840 F.2d 315, 327 (6th Cir. 1988) (citing *Henderson*, 476 U.S. at 331).

### III. ANALYSIS

In his motion to dismiss, Defendant states that his notice to withdraw his guilty plea restarted the speedy trial computation and thirty days are excludable during which

7

the motion to recuse was under advisement. (Doc. 24 at 2-3). Specifically, according to Defendant's computation, the speedy trial clock restarted on February 17, 2017, when Defendant "filed a written withdrawal of [his] guilty plea." (*Id*. at 3). Defendant asserts, however, that because he filed a simultaneous motion for recusal, time was tolled for thirty days, while the motion was under advisement. (*Id*.) Thus, Defendant concludes that the speedy trial clock was tolled from February 17, 2017, until March 19, 2017, but began to run again on March 20, 2017. (*Id*.) Counting seventy days from March 20, 2017, Defendant concludes that his trial needed to commence on or before May 30, 2017. (*Id*.) Defendant's motion to dismiss was filed June 2, 2017.

 Defendant's motion to dismiss is without merit for three reasons. **First**, Defendant's notice to withdraw his plea did not serve to <u>actually</u> withdraw his plea. As Defendant's guilty plea was and continues to remain in place, Defendant's speedy trial argument is subject to the *Barker* due process analysis, not the Speedy Trial Act. **Second**, even assuming *arguendo* that the Speedy Trial Act applies, Defendant miscalculated the seventy day period. **Third**, relying upon defense counsel's unequivocal representations during the February 10, 2017 status conference, the Court and the Government had an absolute expectation of how the case would proceed. This Court will not permit Defendant and defense counsel to reap the rewards of having misled the Court and the Government.

 **A. The Speedy Trial Act Does Not Apply**

 The Speedy Trial Act's seventy-day limit applies only to the period of time elapsing between the indictment and the trial, when a 'not guilty' plea has been entered.

8

18 U.S.C. § 3161(c)(1). <u>After a defendant is found guilty, or a guilty plea has been entered, any alleged undue delays are assessed under the *Barker* due process analysis</u>. *See, e.g., Sanders*, 452 F.3d at 577. Under the due process analysis, the Court must consider four factors: (1) the length of delay; (2) the reason for delay; (3) "the defendant's diligence in requesting expeditious sentencing"; and (4) whether delay has resulted in prejudice to the defendant. *Betterman*, 136 S. Ct. at1618, n. 12.; *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003).

Despite Defendant's unilateral conclusions to the contrary, his written notice to withdraw his plea did not serve to <u>actually</u> withdraw his plea. <u>A defendant's notice of intent to change his plea is treated as a "motion requiring a hearing</u>, [and thus] exclude[s] the time from the filing through the conclusion of the plea hearing." *Coviello*, 287 F. App'x at 508 (emphasis added). And, pursuant to 18 U.S.C. § 3161(i), the speedy trial clock remains tolled until "the day the order permitting withdrawal of the plea becomes final," at which point speedy trial time begins anew, as if the defendant had just been indicted.

Defendant relies on *United States v. Robertson*, 260 F.3d 500 (6th Cir. 2001), for the proposition that "the date the defendant notified the district court of the withdrawal of his guilty plea is the date the speedy trial [clock] begins to run anew." (Doc. 24 at 3). However, in *Robertson*, the Sixth Circuit explicitly stated: "We recognize, however, that, pursuant to 18 U.S.C. § 3161(i), because the defendant withdrew his original guilty plea, he 'shall be deemed indicted … **on the day the order permitting withdrawal of the plea becomes final**.'" *Robertson*, 260 F.3d at 503 (emphasis added). The issue in

9

*Robertson* was that "there was no official district court order permitting [the defendant] to withdraw his guilty plea." *Id*. (emphasis added). Accordingly, the Sixth Circuit determined that, "viewing the record in the light most favorable to the defendant, we will treat … the day the government and the district court were informed that the defendant wanted to withdraw his guilty plea and proceed to trial, as the day the district court's order permitting withdrawal of the plea became final." *Id*. In other words, for purposes of 18 U.S.C. § 3161(i), using the date of a defendant's notice of intent to change his plea is not the norm, but rather the solution utilized when there is no other date upon which to rely.

Here, the Court, the Government, and, most notably, Defendant, were all in agreement that, if Defendant informed that he intended to withdraw his plea, such notice would be deemed a motion and the case would be set for a plea hearing. And, as with any other motion, the Court would have entered an order, either at or after the hearing, to memorialize its ruling—presumably permitting Defendant to withdraw his plea, as appropriate. While Defendant's motion for recusal diverted the Court and preempted the plea hearing, the motion by no means disposed of the need for a plea hearing entirely. This Court told defense counsel, in no uncertain terms, that if Defendant chose to withdraw his plea, a colloquy would "absolutely" need to occur in person. (Doc. 22 at 11:2). Significantly, defense counsel was in complete agreement. (*Id*. at 10:21-11:1). Defendant cannot unilaterally and surreptitiously decide that this determination no longer applies to him. Accordingly, *Robertson*'s use of the notice date does not apply here, and

10

thus the Speedy Trial Act clock has not and will not restart until "the day the order permitting withdrawal of the plea becomes final."

Although Defendant raises no due process argument, the Court merely notes that, under the *Barker* factors, any request for dismissal should be denied.

First, even if the Court were to consider the 'delay' to be the time elapsing from Defendant's notice of intent to withdraw his plea (*i.e.*, his alleged new date of indictment for purposes of 18 U.S.C. § 3161(i)) (February 17, 2017) through the date he filed his motion to dismiss (June 2, 2017), it would only equate to a three-and-a-half month period.  Such a delay is not at all unreasonable for a federal criminal prosecution.  *See Schreane*, 331 F.3d at 553 (the Sixth Circuit considers "[a] delay approaching one year is presumptively prejudicial").[2]  Second, the entire delay arises from the Court's disposition of Defendant's own motions.  Third, the first time Defendant ever raised the issue of delay was when he filed the motion to dismiss.  In fact, during the status conference, defense counsel expressly stated:  "I don't think we're in a rush."  (Doc. 22 at 10:23). And fourth, Defendant cannot reasonably assert that a three month delay has resulted in prejudice.

Accordingly, the Court finds that the Speedy Trial Act does not apply, as Defendant has not yet withdrawn his guilty plea, and any delay in prosecution does not rise to the level of a due process violation.  Therefore, Defendant's motion to dismiss shall be denied.

---

[2] Notably, the length of the delay is a 'triggering mechanism' and, where the length of delay is not unreasonable, the Court is not required to undertake the remainder of the *Barker* analysis. *Schreane*, 331 F.3d at 553 (citing *Doggett v. United States*, 505 U.S. 647, 652 (1992)).

### B. Defendant's Speedy Trial Computation is Inaccurate

Even assuming *arguendo* that the Speedy Trial Act does apply, Defendant's computation is inaccurate.  Specifically, Defendant asserts that the speedy trial clock began to run on February 17, 2017, although it was initially tolled for thirty days, until March 19, 2017, while Defendant's motion to recuse was under advisement.  Thus, Defendant believes that the speedy trial clock started running again on March 20, 2017 and expired on May 30, 2017.

Defendant's proposed computation is erroneous because the motion to recuse was not under advisement on the day it was filed.  Indeed, the motion was not ripe for decision until March 11, 2017 (*i.e.*, after the Government's response deadline passed).[3]

A motion is not "actually under advisement" until after "the court receives all the papers it reasonably expects." *Henderson*, 476 U.S. at 329.  Although the Government did not file a response in opposition, the motion was not a joint motion, it was not identified as unopposed, and the Government gave no indication that it would not file a response.  Moreover, the Court reasonably assumed that the Government would have some interest in opposing recusal.  The fact that the response reasonably expected by the Court was never filed does not retroactively restart the speedy trial clock.  To hold otherwise would unexpectedly leave the Court with one week to rule on a motion, simply because the opposing party chose not to file anything.  Additionally, it would reward the

---

[3] Pursuant to this Court's Criminal Procedures Standing Order, "[a]ll motions shall be briefed according to S.D. Ohio Civ. R. 7.2(a)(2)," which allows twenty-one days for a response in opposition.  Criminal Procedures Form, Judge Timothy S. Black Standing Orders, available at: http://www.ohsd.uscourts.gov/FPBlack.

12

moving party for failing to reach out to opposing counsel in advance to determine whether the motion could be deemed unopposed at the outset.

Therefore, even if the Court were to assume, for the sake of argument, that the Speedy Trial Act applied here, the motion would not have been 'under advisement' until March 11, 2017. Accordingly, the thirty-day advisement period would not have elapsed until April 10, 2017, and the speedy trial clock would not have started to run again until April 11, 2017. With a starting date of April 11, 2017, the Speedy Trial Act's seventy-day period would not expire until June 20, 2017. Of course, as Defendant filed his motion to dismiss on June 2, 2017, time began to toll on that date, pursuant to 18 U.S.C. § 3161(h)(1)(D).

As time has been tolled by Defendant's motion to dismiss, there are at least eighteen days remaining on the speedy trial clock as of the date of this Order. In truth, however, even under the Speedy Trial Act, as Defendant has not yet appeared for a hearing on his motion to withdraw his plea, time has been tolled since the date of his notice, pursuant to 18 U.S.C. § 3161(h)(1)(D). *See Coviello*, 287 F. App'x at 507 (re-affirming that a defendant's notice of intent to change his plea is a motion requiring a hearing and, therefore, the time from filing the notice through the conclusion of the plea hearing is excludable from the speedy trial computation).

Accordingly, even if the Speedy Trial Act applied, Defendant's motion to dismiss is premature and must be denied.

### C. Defendant Cannot Benefit from Misrepresentations to the Court

Finally, "[w]hen a defendant notifies the government of his proposed change of plea, the government in many instances will suspend its trial preparations … [and] [w]hen the proposed change is eventually retracted, the district court will often be unready to proceed to trial, necessitating further delay." *Mentz*, 840 F.2d at 331. Defendant cannot take advantage of these circumstances by "work[ing] both sides of the street, lulling the court and prosecution into a false sense of security only to turn around later and use the … leisurely pace of the case as grounds for dismissal." *Id.* (quoting *United States v. Pringle*, 751 F.2d 419, 434 (1st Cir. 1984)).

Here, Defendant's prior repeated affirmation that withdrawal of his plea would require a hearing, followed by his unilateral conclusion regarding the sufficiency of his written notice to withdraw, and then his almost instantaneous filing of the motion to dismiss once he believed the speedy trial clock had run, appears to reflect Defendant's attempt to utilize his "plea vacillation … [to] enhance[e] his chances of dismissal of the indictment." *See Mentz*, 840 F.2d at 331. As the Sixth Circuit notes, "[w]e will not permit the defendant to act like a chameleon, changing colors to suit his purposes, in an effort to deceive the court and the government … **The Speedy Trial Act will not reward a defendant for such tactics**." *Id.* (emphasis added).

### IV. CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss (Doc. 24) is **DENIED**. Additionally, as Defendant's previously entered plea of guilty remains in effect, the time limitations set forth under the Speedy Trial Act do not apply. Only upon Defendant's

14

withdrawal of his guilty plea and entry of a not guilty plea shall the Speedy Trial Act clock begin to run and, indeed, it shall begin to anew on the date that the Court's order permitting Defendant to withdraw his guilty plea becomes final.  18 U.S.C. § 3161(i).

Moreover, and to avoid any confusion, even under the Speedy Trial Act, until Defendant appears before a District Judge to withdraw his guilty plea and to enter a not guilty plea, the time elapsing from Defendant's notice of intent to change his plea (February 17, 2017), through the date of the plea hearing, is tolled pursuant to 18 U.S.C. § 3161(h)(1)(D).  *See Coviello*, 287 F. App'x at 507 (re-affirming that a defendant's notice of intent to change his plea is a motion requiring a hearing and, therefore, the time from filing the notice through the conclusion of the plea hearing is excludable from the speedy trial computation).

**IT IS SO ORDERED.**

Date:  July 24, 2017

*Timothy S. Black*
Timothy S. Black
United States District Judge